**IN THE UNITED STATES OF DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **DEVELOPERS SURETY AND** | * | |
| **INDEMNITY COMPANY,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| **vs.** | * | **CASE NO.: _____** |
| | * | |
| **RENEW MAINTENANCE &** | * | |
| **CONSTRUCTION, INC. d/b/a** | * | |
| **RENEW MAINTENANCE &** | * | |
| **CONSTRUCTION COMPANY, INC.,** | * | |
| **TIM REYNOLDS and DEBORAH** | * | |
| **REYNOLDS,** | * | |
| | * | |
| **Defendants** | * | |

_____/

## COMPLAINT FOR DAMAGES

Plaintiff, DEVELOPERS SURETY AND INDEMNITY COMPANY, by and through its

undersigned counsel, hereby sues the Defendants, RENEW MAINTENANCE &

CONSTRUCTION, INC. d/b/a RENEW MAINTENANCE & CONSTRUCTION COMPANY,

INC., TIM REYNOLDS and DEBORAH REYNOLDS, and states as follows:

### I.   Jurisdiction and Venue

1.      This is an action for damages in excess of Seventy-Five Thousand and 00/100

Dollars ($75,000.00), exclusive of interest, costs and attorneys' fees.

2.      Subject matter jurisdiction is based on 28 U.S.C. §1332(a)(1), diversity of

citizenship.   The parties are citizens of different states and the amount in controversy exceeds the

jurisdictional limits of this Court.

3.      Plaintiff, DEVELOPERS SURETY AND INDEMNITY COMPANY ("DSIC"), is

a corporation organized and existing under the laws of the State of California, with its principal

place of business located in Orange County, California, which is otherwise registered with and authorized to do business within the State of Alabama. DSIC is a citizen of the State of California.

4.      Defendant, RENEW MAINTENANCE & CONSTRUCTION, INC. d/b/a RENEW MAINTENANCE & CONSTRUCTION COMPANY, INC. ("RMC"), is a for-profit corporation organized and existing under the laws of the State of Alabama, whose principal place of business is located in Mobile, Mobile County, Alabama.   RMC is a citizen of the State of Alabama.

5.      Defendant, TIM REYNOLDS, is upon information and belief an individual who resides in Mobile, Mobile County, Alabama, and who is otherwise *sui juris*.   TIM REYNOLDS is a citizen of the State of Alabama.

6.      Defendant, DEBORAH REYNOLDS, is upon information and belief an individual who resides in Mobile, Mobile County, Alabama, and who is otherwise *sui juris*.   DEBORAH REYNOLDS is a citizen of the State of Alabama.

7.      Venue is proper in this Court because it is the situs where the corporate Defendant conducted the business which gives rise to the instant claims, and where the corporate Defendant and individual Defendants reside.

8.      All conditions precedent to the filing of the instant action have occurred or have otherwise been waived.

## II.  General Allegations

### A.      The *Contract*, Project and *Bonds*

9.      On or about April 28, 2015, Independent Living Center Building Co., Inc. d/b/a Independent Living Center of Mobile ("ILC"), ILC, as owner, and RMC, as contractor, entered into a *Standard Form of Agreement Between Owner and Contractor for a Project of Limited Scope* (the "*Contract*") for the performance of certain enunciated work on the project commonly known

as the "Independent Living Center of Mobile," located at 6750 Howells Ferry Road, Mobile, Alabama (the "Project").

10.     On or about April 29, 2015, DSIC, as surety, issued a separate and distinct *Performance Bond* and *Payment Bond*, each bearing no. 461771 (the "*Bonds*") on behalf of RMC, as principal, with ILC, as obligee, for the Project.  True and correct copies of the *Bonds* are attached hereto and incorporated herein as **Composite Exhibit "A"**.

   **B.**  <u>**Claims Against the *Bonds***</u>.

11.     Shortly after entering into the *Contract*, disputes arose between RMC and ILC.   As a result, by correspondence dated April 25, 2016, ILC issued its *Construction Contract Termination*, default terminating RMC's right of performance under the *Contract*, and shortly thereafter asserted a claim against DSIC under the *Performance Bond.*   A true and correct copy of the correspondence dated April 25, 2016 is attached hereto and made a part hereof as **Exhibit "B"**.

12.     Initially, DSIC denied the ILC's *Performance Bond* claim and filed its *Complaint for Declaratory Relief* dated August 11, 2016 against ILC in the action styled *Developers Surety and Indemnity Company v. Independent Living Center Building Co., Inc. d/b/a Independent Living Center of Mobile*, United States District Court for the Southern District of Alabama Case No. 16-430 (the "Litigation").

13.     ILC asserted a *Counterclaim* against DSIC and RMC in the Litigation, asserting entitlement to damages under the *Performance Bond* as a result of RMC's alleged breach of the *Contract*.

14.     Thereafter, and following DSIC's good-faith investigation of the pending claims and potential available defenses, DSIC and ILC entered into lengthy and complicated settlement

negotiations, followed by a formal *Settlement Agreement*, pursuant to which DSIC paid ILC the sum of Four Hundred Thousand and 00/100 Dollars ($400,000.00) in return for a full and final release of all claims against the *Performance Bond*.   A true and correct copy of the *Settlement Agreement* is attached hereto and made a part hereof as **Exhibit "C"**.

15.    Additionally, DSIC incurred direct losses associated with its payment under the *Payment Bond* of RMC's obligations under the *Contract* in the amount of Sixteen Thousand Five Hundred Nine and 95/100 Dollars ($16,509.95), representing payment(s) made to Thyssenkrupp Elevator, Inc.

C.    **Losses and Expenses under *Bonds***

16.    As of November 1, 2017, DSIC incurred direct losses associated with the resolution of the ILC's claim against the *Bonds* in the amount of Four Hundred Sixteen Thousand Five Hundred Nine and 95/100 Dollars ($416,509.95), computed as follows:

| | |
|---|---|
| ILC under *Settlement Agreement* | $400,000.00 |
| Thyssenkrupp Elevator Inc. | $16,509.95 |
| ***Total Direct Losses*** | ***$416,509.95*** |

17.    Additionally, DSIC incurred and paid loss adjustment expenses associated with its construction consultants and attorneys in investigating, negotiating and resolving the various claims in the amount of Two Hundred Seventy-Seven Thousand Three Hundred Sixty-Nine and 00/100 Dollars ($277,369.00) through October 31, 2017.   Additional loss adjustment expenses have and will continue to be incurred by DSIC, for which payments have not yet been made but for which DSIC remains obligated.

D.    ***Indemnity Agreement***

18.    As a condition precedent to issuing the *Bonds*, each of RMC, TIM REYNOLDS and DEBORAH REYNOLDS (collectively, the "INDEMNITORS") individually, jointly and

severally executed an *Indemnity Agreement* dated January 29, 2015 (the "*Indemnity Agreement*"). A true and correct copy of the *Indemnity Agreement* is attached hereto as **Exhibit "D"**.

19.    Pursuant to Article 2 of the *Indemnity Agreement* executed in consideration of issuance of the *Bonds* on behalf of RMC, each of the INDEMNITORS, individually, jointly and severally agreed to indemnify and hold DSIC harmless for any losses and or expenses incurred in connection with DSIC's issuance of the *Bonds*:

> Indemnitors agree to ***fully and continuously indemnify Surety against any and all Loss or expenses of every kind or nature***, including, without limitation, ***those incurred: (i) by reason of having executed or procured the execution of any Bond***, (ii) by reason of the failure of any Indemnitor to perform or comply with the covenants and conditions of this Agreement, and (iii) enforcing any of the covenants and conditions of this Agreement. Also, ***indemnitors agree to indemnify Surety against the fees and disbursements of counsel*** whether on salary, retainer or otherwise. (Emphasis added)

20.    Furthermore, pursuant Article 2 of the *Indemnity Agreement*, the INDEMNITORS, jointly and severally, agreed that DSIC shall have the sole and absolute authority to resolve any claims against the *Bonds*, and that documentation supporting any payments by DSIC would be conclusive evidence of the INDEMNITORS' outstanding liability and obligation to DSIC:

> Surety ***may at its sole and absolute discretion pay, compromise, defend, settle, investigate, appeal or otherwise handle or resolve any claim, demand, suit, arbitration demand, judgment, award or expense arising out of or related to any Bond***.  Any such act or decision by the Surety is binding upon and ratified by Indemnitors and any cost, expense or payment incurred or made by the Surety shall be a Loss covered by this Agreement. An itemized statement, sworn to by any employee of the Surety, or a copy of a check or draft or other evidence of such payment or compromise, ***shall be prima facie evidence of the fact and amount of any Loss and the liability of Indemnitors*** for it under this Agreement. (Emphasis added)

21.    On March 30, 2017, DSIC made demand upon the INDEMNITORS for indemnification under the *Indemnity Agreement*.   A true and correct copy of the correspondence dated March 30, 2017 is attached hereto as **Exhibit "E"**.

22.     The INDEMNITORS have failed and/or refused to fulfill their contractual and common-law indemnity obligations to DSIC.

23.     As a result of RMC's default and DSIC's investigation, defense of the litigation, and settlement of the various claims against the *Bonds*, DSIC has incurred significant losses and expenses as a result of having issued the *Bonds*, for all of which amounts the INDEMNITORS remain liable to DSIC.

24.     DSIC continues to incur additional expenses (including but not limited to expenses associated with its attorneys) in connection with the prosecution of the instant action.

25.     DSIC has retained the services of the undersigned counsel to represent its interests in this matter, and is required to pay a reasonable fee for such services.

26.     Pursuant to the terms of the *Indemnity Agreements*, the INDEMNITORS agreed to be liable for, and agreed that DSIC was entitled to recover from the INDEMNITORS, any and all attorneys' fees and costs incurred in the prosecution of the instant action.

## COUNT I – BREACH OF CONTRACT
### (Against INDEMNITORS)

27.     DSIC re-alleges and re-avers the allegations of paragraphs 1 through 26 hereof, as if fully set forth herein.

28.     This is an action for damages seeking relief at law under the *Indemnity Agreement.*

29.     There exists a valid and fully enforceable contract between DSIC and the INDEMNITORS, the terms of which are memorialized in the *Indemnity Agreement*.

30.     DSIC has fully performed all of its obligations under the *Indemnity Agreement*.

31.     The INDEMNITORS have failed and/or refused to fully perform their obligations under the *Indemnity Agreement*, including but not limited to their obligation to indemnify DSIC.

32.     As a proximate result of the INDEMNITORS' breach of their obligations under the *Indemnity Agreement*, DSIC has incurred substantial financial damages, including but not limited to the expenditure of funds paid in investigating, addressing and resolving the various claims against the *Bonds*, and will continue to incur fees and costs in the prosecution of the instant action.

WHEREFORE, DSIC respectfully requests that this Honorable Court enter a *Final Judgment* in its favor and against the INDEMNITORS, awarding DSIC its general, special and consequential damages which have been and/or will be incurred as a result of the INDEMNITORS' breach of the *Indemnity Agreement*, awarding DSIC its attorneys' fees and costs incurred in prosecution of the instant action pursuant to the terms of the *Indemnity Agreement*, and awarding DSIC such other and further relief as this Court deems necessary, just and proper.

## COUNT II – BREACH OF STATUTORY INDEMNITY
### (Against RMC)

33.     DSIC re-alleges and re-avers the allegations of paragraphs 1 through 26 hereof, as if fully set forth herein.

34.     This is an action for damages seeking relief at law under the Code of Alabama.

35.     Code of Alabama §8-3-2 governs the "Rights of surety who has paid debt", and establishes that:

> A surety who has paid his principal's debt is entitled to a transfer of the original and collateral security which the creditor holds; he has all the rights to realize thereon and to reimburse himself to the same extent as the creditor might have done before the surety paid him, whether paid before or after judgment; and he shall be substituted for the creditor and subrogated to all his rights and remedies; in effect, he shall be a purchaser of the debt and all its incidents.

36.     Further, Code of Alabama §8-3-5 governs the "Right of surety against principal upon payment of debt", and establishes that "[p]ayment by a surety or endorser of a debt past due

entitles him to proceed immediately against his principal for the sum paid, with interest thereon, and all legal costs to which he may have been subjected by the default of the principal."

37.     There exists a valid and fully enforceable debt owed by RMC to DSIC for which DSIC is entitled to pursue RMC pursuant to the Code of Alabama.

38.     DSIC has fully performed all obligations required to pursue the debt pursuant to the Code of Alabama.

39.     RMC has failed and/or refused to fully satisfy their debt to DSIC under the Code of Alabama, including but not limited to RMC's obligation to indemnify DSIC.

40.     As a proximate result of RMC's violation of their statutory obligations under the Code of Alabama., DSIC has and will continue to incur substantial financial damages, including but not limited to the expenditure of funds paid in investigating, addressing and resolving the various claims against the *Bonds*, and the fees and costs incurred in the prosecution of the instant action.

WHEREFORE, DSIC respectfully requests that this Honorable Court enter a *Final Judgment* in its favor and against RMC, awarding DSIC its general, special and consequential damages which have been and/or will be incurred as a result of RMC's statutory violation under the Code of Alabama, awarding DSIC its attorneys' fees and costs incurred in prosecution of the instant action pursuant to the terms of the Code of Alabama, and awarding DSIC such other and further relief as this Court deems necessary, just and proper.

## COUNT III – COMMON LAW INDEMNIFICATION
### (Against RMC)

41.     DSIC re-alleges and re-avers the allegations of paragraphs 1 through 26 hereof, as if fully set forth herein.

42.     This is an action for damages seeking relief at common law and in equity.

43.     There exists a special relationship between DSIC, as surety, and RMC, as principal, arising out of the parties' business dealings related to the Project and *Bonds*, such that it is appropriate for common law indemnification to exist.

44.     DSIC has fully and completely performed any and all obligations arising out of the parties' business dealings related to the Project and the *Bonds*, and is wholly without fault for any losses, expenses and/or liabilities which have and/or may ultimately arise therefrom.

45.     Any and all losses and expenses incurred to date as a result of the special relationship between DSIC and RMC arise only out of the vicarious, constructive, derivative or technical liability imposed upon DSIC as a result of the fault and/or wrongdoing of RMC.

46.     At common law, RMC is responsible to DSIC for any and all losses and expenses incurred or to be incurred.

WHEREFORE, DSIC respectfully requests that this Honorable Court enter a *Final Judgment* in its favor and against Defendant RMC, awarding DSIC its general, special and consequential damages which have been and/or will be incurred as a result of DSIC's payment of losses and expenses for which RMC should be liable under the legal theory of common law indemnity, awarding DSIC its reasonable attorneys' fees and costs incurred in prosecution of the instant action, and awarding DSIC such other and further relief as this Court deems necessary, just and proper.

## COUNT IV - UNJUST ENRICHMENT
### (Against INDEMNITORS)

47.     DSIC re-alleges and re-avers the allegations of paragraphs 1 through 26 hereof, as if fully set forth herein.

48.     This is an action for damages seeking relief at common law.

49.     DSIC has conferred a benefit upon the INDEMNITORS by issuing the *Bonds* on behalf of RMC and expending sums in connection with resolving the various claims against the *Bonds*.

50.     The INDEMNITORS voluntarily accepted, and continue to accept and retain the benefits conferred upon them by DSIC.

51.     The circumstances are such that it would be inequitable for the INDEMNITORS to retain the benefit conferred upon them by DSIC without reimbursing DSIC for the value thereof.

WHEREFORE, DSIC respectfully requests that this Honorable Court enter a *Final Judgment* in its favor and against the INDEMNITORS, awarding DSIC its general, special and consequential damages which have been and/or will be incurred as a result of the unjust enrichment of the INDEMNITORS, awarding DSIC its attorneys; fees and costs incurred in prosecution of the instant action, and awarding DSIC such other and further relief as this Court deems necessary, just and proper.

DATED this 8th day of November, 2017.

**ETCHEVERRY HARRISON LLP**
Attorneys for DSIC
150 South Pine Island Road, Suite 105
Fort Lauderdale, Florida 33324
Telephone: (954) 370-1681
Facsimile: (954) 370-1682
Geller@etchlaw.com
Etcheverry@etchlaw.com
Service@etchlaw.com

By:     /s/ ***Edward Etcheverry***
            Edward Etcheverry, Esq.
            Fla. Bar No.: 856517

OF COUNSEL:

**WRIGHT, GREEN, P.C.**
James P. Green
504 Boulevard Park East
Mobile, Alabama 36609
Telephone:  251-344-7744
Facsimile:  251-342-9629
JimGreen@wrightgreen.com