IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| DEVELOPERS SURETY AND | ) | |
| INDEMNITY COMPANY, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION 1:17-00495-KD-N |
| | ) | |
| RENEW MAINTENANCE & | ) | |
| CONSTRUCTION, INC., *et al.*, | ) | |
|     Defendants. | ) | |

**ORDER**

This matter is before the Court on Plaintiff Developers Surety and Indemnity Company (DSIC)'s motion to clarify and damages supplements (Docs. 63, 68) per the Court's Orders (Docs. 62, 66); responses by Renew Maintenance & Construction, Inc. (RMC), Tim Reynolds and Deborah Reynolds (Defendants) (Docs. 65, 69); and DSIC's Reply (Doc. 70).[1]

**I.    Motion to Clarify**

DSIC seeks clarification of the Court's order on summary judgment, to clarify that such applies to all indemnitor defendants -- Renew Maintenance & Construction, Inc. (RMC), Tim Reynolds and Deborah Reynolds (Defendants) -- jointly and severally, per the Indemnity Agreement. (Docs. 63, 68). Specifically, DSIC asks that the Court clarify the portion of the October 5, 2018 Order (Doc. 62) granting summary judgment on Count I -- the breach of contract claim against the Indemnitors. Per DSIC, "the Indemnitors" consist of Deborah Reynolds, Tim Reynolds *and* RMC -- not *only* Deborah Reynolds and Tim Reynolds.[2] From this, DSIC contends

---

[1] With regard to the Reply, the Court specified: once Defendants' Response was filed, "the Court will take the damages matter under final review for resolution without further briefing." (Doc. 66 at 3).

[2] Even though in the Complaint DSIC differentiated between claims -- asserting some against "the Indemnitors" and others *only* against "RMC." And similarly, on summary judgment, DSIC described RMC as the bonded principal, but the Indemnitors separately -- e.g., "INDEMNITORS, as the personal guarantors to RMC, under which INDEMNITORS agreed to indemnify DSIC…." (Doc. 47 at 1).

1

that RMC should not have been terminated as a defendant after the *other* claims were dismissed because RMC was one of the "Indemnitors" against whom Count 1 was alleged. In response, Defendants do not dispute that RMC was a signatory to the Indemnity Agreement and do not dispute the breach of contract claim applies to all three (3). (Doc. 65 at 1).

Upon consideration, and given DSIC's current explanation and the lack of objection by the Defendants (the indemnitors), the Court finds that DSIC's motion for clarification is **GRANTED** such that Doc. 62 is **AMENDED** as follows:

- <u>Doc. 62, Section IV, Conclusions of Law, Sub-Section A, Page 9, last paragraph, last sentence</u>: the reference "(the Reynolds)" is **REMOVED** and "Indemnitors" **INCLUDES** RMC (i.e., means RMC, Deborah Reynolds and Tim Reynolds), and footnote 8 is **DELETED;**

- <u>Doc. 62, Section IV, Conclusions of Law, Sub-Section B. Breach of Contract, Pages 9-15</u>: reference to the Indemnitors **INCLUDES** RMC (i.e., means RMC, Deborah Reynolds and Tim Reynolds).

- <u>Doc. 62, Section IV, Conclusions of Law, Sub-Section B. Breach of Contract- Damages discussion, Page 15</u>: reference to the Indemnitors **INCLUDES** RMC (i.e., means RMC, Deborah Reynolds and Tim Reynolds).

- <u>Doc. 62, Section VII. Conclusion, Page 24</u>: reference to the Indemnitors **INCLUDES** RMC (i.e., means RMC, Deborah Reynolds and Tim Reynolds).

## II. **Damages**

The indemnity agreement provides for damages -- for DSIC's recovery for losses -- which are defined, in relevant part, as including:

> Liability incurred or expenses paid in connection with actual or potential claims, lawsuits…awards, judgments or appeals relating to a Bond, including, without limitation, attorneys' fees, all legal expenses, and all fees and costs for consultant, analytical, design, investigation….or other services related to the investigation or defense of actual or potential claims and losses….

(Doc. 47-1 at 90).

The Court has already awarded to DSIC direct loss damages in the amount of **$416,509.95**, **$30,977.24** in attorneys' fees, and **$862.74** in costs.[3] The matter before the Court is thus limited to assessing the propriety of DSIC indirect loss damages (including any attorneys' fees/costs incurred prior to November 1, 2017, and consultant fees related to same).

The Court previously ordered supplemental briefing by DSIC regarding the indirect loss damages claimed in this case. As set forth in the Court's October 23, 2018 Order:

> …. While the Court finds that DSIC is entitled to damages due to the Indemnitors' breach of contract, the amount of damages is not sufficiently supported or explained in the record. DSIC seeks **$743,364.38** for unreimbursed losses and loss adjustment expenses related to the issuance of the Bonds -- specifically recovery for total direct losses of **$416,509.95 plus loss adjustment expenses** (varying from $277,369.00 to $326,854.43, through October 31, 2017) **plus attorneys' fees and costs**. (*Cf.* Doc. 1 at 4; Doc. 47 at 4; Doc. 47-1 (Aff. Schildbach at 3-4)). Notably, the Court's review of the affidavit and exhibits in support does not indicate how DSIC arrived at the figures -- especially the varying $277,369 versus $326,854.43 requested sums and/or whether such includes attorneys' fees and costs (separate and apart from those fees/costs sought on summary judgment). As such, it is **ORDERED** that DSIC shall file, on or before **October 12, 2018,** a Supplement specifying and explaining (as well as providing support for) the specific amount of breach of contract damages sought.
>
> (Doc. 62 at 14-15).
>
> In its Supplement, DSIC explains that it: **1) incurred direct losses** in the amount of **$416,509.95** ($400,000 per the settlement agreement with ILC plus $17,187.95 to Thyssenkrupp Elevator, Inc., from which it subtracted $678 from "recovery from funds control"); and **2) loss adjustment expenses** in the amount of **$326,854.43** (including those added after the filing of the Complaint, hence the difference in numbers sought in the Complaint and on summary judgment). [ ] From this, Plaintiff seeks a total of **$743,364.38**.
>
> While DSIC's claimed incurred direct losses amount was sufficiently described from the outset, the loss adjustment expense amount which includes attorney fees has not been sufficiently supported.
>
> DSIC asserts in its supplement that:
>
>> …DSIC provided this Court with, among other things, the Schildbach Aff., which includes an itemized list of checks issued and payments made in connection with the issuance of the Bonds…along with an invoice for payment that remains

---

[3] $26,632 in attorneys' fees and $842.50 in costs to counsel for the Etcheverry law firm and $4,345.24 in attorneys' fees and $20.24 in costs to James P. Green for the Wright Green law firm.

outstanding…The Schildbach Aff., and the business records attached thereto, not only establish that the estimated amount of damage set forth in the Complaint was alleged in good faith, but provide undisputed prima facie evidence of the calculated and specific amount of damage DSIC is entitled to under its Motion.

(Doc. 63 at 8-9 (footnotes omitted)). Additionally, in a footnote in the Shildbach Affidavit, DSIC notes $17,075.50 as having been incurred for the Etcheverry Harrison LLP law firm (presumably for attorneys' fees and/or costs). (Doc. 47-1 at 4 (Aff. Shildbach) and note 11)).

The information cited is still insufficient. **The court is unable to discern whether the legal costs are reasonable based on the information submitted.**

> [A]n indemnity agreement is not a blank check; it does not entitle the surety company to reimbursement for legal expenses which are unreasonable or unnecessary....Thus, the weight of authority allows reimbursement for legal costs under the terms of an indemnity contract only if it is necessary for the surety to retain separate counsel, if the amount of the fees claimed is reasonable, and if the surety has acted in good faith toward the bond principal.

Jackson v. Hollowell, 685 F.2d 961, 966 (5th Cir. 1982); *accord* Western Surety Co. v. Bradford Electric Co., 483 F. Supp. 2d 1114, 1120–21 (N.D. Ala. 2007).

The indemnity agreement provides that the indemnitors shall indemnify Surety against any and all loss. (Doc. 47-1 at 91). The agreement further defines loss as "all legal expenses, and all fees and costs for consultant, analytical design, investigation, fund control, accounting, engineering or other services related to the investigation or defense of actual or potential claims." (Id at 90). However,

> [a]lthough the language in the Indemnity Agreement does not seem to limit attorney's fees, "[c]ourts have found that, even where it is not expressly stated, the concept of 'reasonableness' must be applied to any claim for indemnification of attorney fees." *See Grace & Naeem,* 2009 WL 3878297 at *6. The movant has the burden to show that the requested fees are reasonable. *See id.* (citing *Ideal Electronic Security Co., Inc. v. International Fidelity Insurance Company,* 129 F.3d 143, 148-149 (D.C. Cir. 1997) ("courts in other jurisdictions have indicated that, as a general matter, a surety must show something akin to *reasonable necessity* when seeking attorney fees under an indemnity agreement")). This burden can be met through the submission of sworn affidavits.

Am. Contractors Indem. Co. v. Lampert, No. 13-80775-CIV, 2014 WL 11516084, at *4 (S.D. Fla. June 18, 2014), report and recommendation adopted, No. 13-CV-80775, 2014 WL 11515869 (S.D. Fla. July 30, 2014). There is no attorney affidavit filed in support of the reasonableness of the attorneys' fees (and/or costs) nor is there any other basis to determine whether the fees are reasonable.

Given the foregoing, the Court can only discern support for awardable direct losses in the amount of **$416,509.95**. DSIC's Supplement does not sufficiently support a reasonableness

4

determination of the attorney fees incurred. As such, it is **ORDERED** that DSIC has until **October 30, 2018** to establish its entitlement to the $326,854.43, by filing a Second Damages Supplement, curing the defects explained herein….

(Doc. 66 (footnote omitted and emphasis in original)).

In response, DSIC filed a second damages supplement. First, DSIC claims entitlement to **$207,373.81** for **attorneys' fees/costs** incurred as of October 31, 2017 "in connection with the investigation, settlement and/or resolution of the claims under the *Bonds*." (Doc. 68 at 4-5; Doc. 68-1). DSIC asserts that as of this date: the law firm of Etcheverry Harrison, LLP incurred $183,131.13 in fees/costs (Doc. 68-1 (Aff. Geller at 1-156)); and the law firm of Wright Green PC incurred $24,242.68 in fees/costs (Doc. 68-1 (Aff. Geller at 157-190)). Second, DSIC claims entitlement to **$124,976.15** for **consultant fees/costs** incurred in connection with investigation of the claims under the Bonds, as set forth in the Schildbach Affidavit. (Doc. 68 at 5-6). DSIC explains the discrepancy between the amount initially sought, $326,854.43, and in the record, $332,349.96, as a clerical error. (Doc. 68 at 6). DSIC seeks the higher sum -- **$332,349.96**.

In opposition, Defendants generally assert that the damages amount sought by DSIC is excessive -- as "shocking in light of DSIC's exposure in the underlying litigation." (Doc. 65 at 2). More specifically, Defendants contend that DSIC's claimed attorneys' fees/costs, incurred prior to November 1, 2017, are not recoverable because DSIC "has failed to offer evidence of the necessity of separate legal counsel[]"[4] and/or the necessity of the work performed, given that during the relevant timeframe DSIC and RMC's interests were aligned. (Doc. 69 at 1-2). Defendants also contend that some of the attorneys' fees are non-recoverable as " redundant representation as shown by communications between DSIC's counsel and RMC's counsel[.]" (Doc. 69 at 3).

---

[4] Defendants highlight that "[i]n its Order, the Court notified DSIC of the requirement to prove the necessity of separate counsel by citing <u>Jackson v. Hollowell</u>…." (Doc. 69 at 2 (citing Doc. 66 at 2)).

5

A.   **Attorney's Fees & Costs**

DSIC submits **$207,373.81** as reasonable attorneys' fees and expenses/costs for **924.60 hours** of billable time incurred from March 2, 2016 -- October 31, 2017, by two (2) law firms, and has supplemented its request with Affidavits and billing records in support. (Doc. 68-1 (including Aff. Geller and Aff. Green)). At the outset, Defendants present a "no right to separate counsel" argument citing the Court's prior order. The Court's reference to Johnson in the prior order was to remind the parties that reasonableness is a factor when assessing attorneys' fees and costs: "an indemnity agreement is not a blank check; it does not entitle the surety company to reimbursement for legal expenses which are unreasonable or unnecessary." Id. at 966. Hence, the Court's *accord* reference to Western Surety Co. v. Bradford Electric Co., Inc., 483 F. Supp. 2d 1114, 1120 (N.D. Ala. 2007), which states "although not explicitly stated by the [contract]…the court finds that the concept of 'reasonableness' must be applied to any claim for indemnification of attorney fees." As noted *supra*, the indemnity agreement defines losses as including "without limitation, attorneys' fees, all legal expenses.…" (Doc. 47-1 at 90). There does not appear to be any curtailing or qualifying language for when/if interests are aligned, concerning restrictions on using more than one (1) law firm, a prohibition on retention of separate counsel, etc. And Defendants have not submitted case law supporting that such a qualifier should be read into this indemnity agreement. For fee shifting contracts, Alabama public policy requires reasonableness and that fees/costs are necessarily incurred - something DSIC sufficiently establishes via submission of Affidavits in support (attesting to such) and billing records describing the tasks performed. (Doc. 68-1).

Specifically, DSIC retained the following law firms and counsel: 1) Etcheverry Harrison, LLP -- Partner Jeffrey S. Geller (Geller), Managing Partner Edward Etcheverry (Etcheverry), Senior Partner Guy Harrison (Harrison), Associate Joyce C. Albert (Albert), and various paralegals (Doc. 68-1 at 1-156 (including Aff. Geller); and 2) Wright Green, PC -- Senior Shareholder James

6

P. Green (Green) and Partner Brian W. Miller (Miller) (Doc. 68-1 at 157-190 (including Aff. Green)). From this representation, DSIC submits $192,972.00 as reasonable attorneys' fees and costs for **826.10 hours** of billable time incurred from March 2, 2016 through October 31, 2017 by the Etcheverry firm, and has supplemented its request with Affidavits and billing records in support. (Doc. 68-1 at 1-156 (including Aff. Geller)). DSIC, however, reduced those fees/costs such that it only seeks recovery of **$183,131.13** in fees/costs ($181,051.17 in fees and $2,079.96 in costs/expenses) for the Etcheverry firm. (Id. at 3 (Aff. Geller)). Additionally, DSIC submits $24,625.00 as reasonable attorneys' fees/costs for **98.5 hours** of billable time incurred from March 2, 2016 -- October 31, 2017 by the Wright Green firm, and has supplemented its request with Affidavits and billing records in support. (Doc. 68-1 at 157-190 (including Aff. Green)). DSIC, however, reduced those fees/costs such that it only seeks recovery of **$24,242.68** in fees/costs ($23,389.50 in fees and $853.18 in costs) for the Wright Green firm. (Doc. 68-1 at 158 (Aff. Green)).

When considering the fees requested -- and as explained in Precision IBC, Inc. v. Phoenix Chemical Tech., LLC, 2017 WL 1404328, *1-2 (S.D. Ala. Apr. 19, 2017):

> "Alabama follows the American rule, whereby attorney fees may be recovered if they are provided for by statute or by contract...." *Jones v. Regions Bank*, 25 So. 3d 427, 441 (Ala. 2009) (citations omitted)….Under Alabama law, such attorney's fees are recoverable; however, recovery is subject to Alabama's imposition of a reasonableness constraint on all fee shifting contracts, as a mat[t]er of public policy.…
>
> The calculation of reasonable attorney's fees is within the sound discretion of the court. *Dowdell v. City of Apopka, Fla*., 698 F.2d 1181, 1187 (11th Cir. 1983); *Kiker v. Probate Court of Mobile Cty*., 67 So. 3d 865, 867 (Ala. 2010)…."'the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.'" *Watford v. Heckler*, 765 F.2d 1562, 1568 (11th Cir. 1985) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433….(1983)). "The first step….is to determine the 'lodestar'—the product of multiplying reasonable hours expended times a reasonable hourly rate." *Martinez v. Hernando Cty. Sheriff's Office,* 579 Fed.Appx. 710, 713 (11th Cir. 2014) (citing *Am. Civil Liberties Union of Ga. v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999)); see also *Bivins v. Wrap It Up, Inc*., 548 F.3d 1348, 1350 (11th Cir. 2008) ("The product of these two figures is the lodestar and there is a 'strong presumption' that the lodestar is the reasonable sum the attorneys deserve."). The

party moving for fees bears the burden of establishing the "reasonableness" of the hourly rate and number of hours expended via specific evidence supporting the hours and rates claimed. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Barnes*, 168 F.3d at 427. The court may utilize its own "knowledge and expertise" to come to an independent judgment regarding the reasonableness of requested attorney's fees. *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994).

…the prevailing party must not request fees for hours that are "excessive, redundant, or otherwise unnecessary," or request fees for unsuccessful claims. *Hensley*, 61 U.S. at 434-35. When a request for attorney's fees is unreasonably high, the court may "conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut." *Bivins*, 548 F.3d at 1350. Likewise, where the rates or hours claimed seem excessive or lack the appropriate documentation, a court may calculate the award based on its own experience, knowledge, and observations. *See, e.g., Norman v. Hous. Auth. of the City of Montgomery,* 836 F.2d 1292, 1299 (11th Cir. 1988). Notably, "[t]he court…is itself an expert on the question and may consider its own knowledge and experience concerning reasonableness and proper fees and may form an independent judgment with or without the aid of witnesses." *Id*. at 1303 (citations omitted).

The lodestar figure established by the Court may be adjusted in consideration of various factors that include:

> (1) the nature and value of the subject matter of the employment; (2) the learning, skill, and labor requisite to its proper discharge; (3) the time consumed; (4) the professional experience and reputation of the attorney; (5) the weight of his responsibilities; (6) the measure of success achieved; (7) the reasonable expenses incurred; (8) whether a fee is fixed or contingent; (9) the nature and length of a professional relationship; (10) the fee customarily charged in the locality for similar legal services; (11) the likelihood that a particular employment may preclude other employment; and (12) the time limitations imposed by the client or by the circumstances.

*Van Schaack v. AmSouth Bank, N.A*., 530 So. 2d 740, 749 (Ala. 1988)….

In determining the proper lodestar in this case, the undersigned first considers what hourly rates are reasonable and then what hours were reasonably expended in pursuing this matter. In so doing, the Court keeps in mind that "the fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Hensley*, 461 U.S. at 437...

Adjustments may be made "as necessary[.]" Blum v. Stenson, 465 U.S. 886, 888 (1984).[5]

---

[5] Norman v. Housing Auth. of the City of Montg., 836 F.2d 1292 (11th Cir. 1988). Redundant, excessive, or otherwise unnecessary hours should not be included in the calculation of hours reasonably expended. Hensley, 461 U.S. at 434. Even when a party prevails, the court still must determine whether time was reasonably expended and if not, that time should be excluded. Id. While the "lodestar" method
(Continued)

Indeed, regardless of who is doing the billing, courts may only award fees for time spent by attorneys, or for the work of non-lawyer paralegals and non-lawyer law clerks but only to the extent they perform work "traditionally done by an attorney[]" -- i.e., there can be no fees awarded for overhead. See, e.g., Missouri v. Jenkins, 491 U.S. 274, 288 at note 10 (1989) ("purely clerical or secretarial tasks should not be billed at a paralegal rate, regardless of who performs them[]"); Vanderbilt Mortg. and Fin., Inc. v. Crosby, 2015 WL 5178719, *2 (S.D. Ala. Sept. 54, 2015); SE Prop. Holdings, LLC v. 145, LLC, 2012 WL 6681784, *4-5 (S.D. Ala. Dec. 21, 2012). See also Brown v. Lambert's Cafe III, 2016 WL 325131, *6 and note 4 (S.D. Ala. Jan. 27, 2016).[6] "Courts

---

effectively replaced Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-719 (5th Cir. 1974), the 12 Johnson factors "might still be considered in terms of their influence on the lodestar amount.

[6] Non-recoverable tasks. See, e.g., Cormier v. ACAC Inc., 2013 WL 6499703, *5 (S.D. Ala. Dec. 11, 2013); Whitney Bank v. Davis–Jeffries–Hunold, Inc., 2012 WL 5470131, *7 (S.D. Ala. Nov. 9, 2012); Andriello v. CFI Sales & Marketing, Inc., 2012 WL 3264920, *9 (M.D. Fla. Jan. 4, 2012); Miller v. Kenworth of Dothan, Inc., 117 F.Supp.2d 1247, 1261 (M.D. Ala. 2000). As explained in Ford v. Navika Capital Group, LLC, 2017 WL 1381668, *3-4 (S.D. Ala. Apr. 17, 2017) (internal citations omitted):

> Such non-recoverable tasks include time billed for: setup of a file, calendaring deadlines, receiving, reviewing, and indexing documents, sending or receiving emails with documents attached, preparing civil cover sheets and summons, receiving and indexing certified mail receipts, e-filing documents with the Court, receiving and indexing those documents, mailing and telefaxing correspondence, making calls to clients, obtaining pleadings from the court's database, printing documents, miscellaneous scanning of documents, etc…[FN4]...
>
>> [FN4] ….(clerical tasks such as "Review Summons Issued," "Call to Clerk to confirm Summons were sent to Marshall for service," "Download/Combine and OCR Transcript, live bookmark," and "Download, file and save Corrected transcript in parts," are not compensable as attorney fees);….(downloading, scanning or saving files or docket entries are not recoverable); …..(an attorney in an FLSA case should not be permitted to recover fees for clerical time for e-filing, on line research of addresses, preparing civil cover sheets and summonses and for reviewing the CM/ECF email for documents prepared and filed by counsel).
>
> ... The billing records include numerous entries for such tasks (…."receive settlement agreement and W9 form signed from client: scan to file and save,"…."re-scan settlement agreements into S drive for clients", …"further preparation of documents for client correspondence", …"conference with counsel regarding strategy on service affidavits," …"compilation of correspondence and pleadings regarding all parties in lawsuit,"… "analysis of scheduling order/docket.."…. "save supplemental report regarding settlement to S drive," "Operation of Spreadsheet ...", etc.….. The non-recoverability for clerical tasks may also be applicable to those entries labeled "Assistance with...." ….

in this district generally consider tasks such as mailing and telefaxing correspondence, making routine calls to clients, obtaining pleadings from the court's database and printing documents as secretarial functions. *See Allen v. McClain EZ Pack of Alabama, Inc*. 665 F.2d at 697; *Johnson v. TMI Mgmt. Sys., Inc.,* 2012 WL 4435304, *5; *Oden*, 2013 WL 4046456, * 8." Cormier v. ACAC Inc., 2013 WL 6499703, *5 (S.D. Ala. Dec. 11, 2013). See also Whitney Bank v. Davis–Jeffries–Hunold, Inc., 2012 WL 5470131, *7 (S.D. Ala. Nov. 9, 2012) (time spent by paralegals "receiving, reviewing, and indexing documents," "sending or receiving emails with documents attached," "preparing the civil cover sheet and summons," "receiving and indexing certified mail receipts," and "e-filing documents with the Court and receiving and indexing those documents" was not compensable time for the purposes of the fee petition).

1. **Reasonable Rate**

As the party requesting fees, DSIC bears the burden of supplying the Court with specific and detailed evidence from which the Court can determine the reasonable hourly rate for the work performed. Barnes, 168 F.3d at 427 (citing Norman, 836 F.2d at 1303). The Eleventh Circuit has instructed that a reasonable hourly rate is "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Norman, 836 F.2d at 1299. In this case, the relevant legal community is Mobile, Alabama. Barnes, 168 F.3d at 437 (providing that "the 'relevant market' for purposes of determining the reasonable hourly rate for an attorney's services is 'the place where the case is filed[]'"). Additionally, the Court, which is familiar with the prevailing rates in the local market, may act as its own expert and rely on its "knowledge and experience" to determine the reasonableness and propriety of the requested rates. Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 1994). Moreover, this Court's prior awards are relevant and instructive in determining whether the "requested rate is in line with prevailing market rates" in this district for attorneys of

reasonably comparable skill, experience, and reputation to the attorney seeking an award of fees. Langford v. Hale Cty. Ala. Comm'n, 2016 WL 4976859, *3 (S.D. Ala. Sept. 16, 2016).

DSIC seeks to recover the following rates**:** 1) Etcheverry firm: **$240/hour** for Partner Geller (23 years of experience), **$250/hour** for Managing Partner Etcheverry (28 years of experience); **$250/hour** for Senior Partner Guy Harrison (35 years of experience); and **$225/hour** for Associate Albert (14 years of experience); and **$125/hour** for "various paralegals" (Doc. 68-1 at 2 (Aff. Geller)); and 2) Wright Green firm: **$250/hour** for Senior Shareholder Green (39 years of experience) and **$250/hour** for Partner Brian W. Miller (Miller) (24 years of experience) (Doc. 68-1 at 158 (Aff. Green)). The relevant market rate is Mobile, Alabama.

In the relevant market, the undersigned found $250/hour to be a reasonable hourly rate for senior level attorneys/partners with 19 years and with 28 years of experience. See, e.g., Higdon v. Critter Control of the Gulf Coast, LLC, 2013 WL 673462, *5 (S.D. Ala. Feb. 25, 2013) (awarding $250/hour to counsel who had been practicing since 1989); Goldsby v. Renosol Seating, LLC, 2013 WL 6535253, *9 (S.D. Ala. Dec. 13, 2013) (finding $250-$300/hour reasonable "for more experienced and qualified attorneys[]"); Decorative Components Incorporated, Inc. v. ICON Computing Solutions, Inc., 2012 WL 5398800, *5-6 (S.D. Ala. Nov. 2, 2012) (recognizing that $250-$350/hour was reasonable for "top Mobile lawyers in complex cases" and $250/hour "for an attorney with 15 years of experience as a law firm partner[]"). Upon consideration, the Court finds that the following requested rates are reasonable for senior level attorneys/partners: 1) Etcheverry firm: **$240/hour** for Geller (23 years of experience), **$250/hour** for Etcheverry (28 years of experience), **$250/hour** for Harrison (35 years of experience), and 2) Wright Green firm: **$250/hour** for Green (39 years of experience) and **$250/hour** for Miller (24 years of experience).[7]

---

[7] Geller seeks $240/hour and Miller seeks $250/hour, even though they have comparable experience (just one (1) year difference). Additionally, the Court may have awarded a higher rate for
(Continued)

Concerning associates, this Court has awarded up to $225/hour for associates with 10 years (or more) of experience. See, e.g., Wells Fargo Bank, N.A. v. Friday Const. Co., Inc., 2012 WL 5381558, *5 (S.D. Ala. Oct. 31, 2012) (awarding $225/hour to an attorney with 10 years of experience); Wells Fargo Bank, N.A. v. Williamson, 2011 WL 382799, *4 (S.D. Ala. Jan. 3, 2011) (same). See also Mitchell Co., Inc. v. Campus, 2009 WL. 2567889, *1 and *17–18 (S.D. Ala. Aug. 18, 2009) (awarding $225/hour for an attorney with 12 years of experience). Upon consideration, the Court finds that the requested rate of **$225/hour** is reasonable for an associate with 14 years of experience such as Albert.

With regard to paralegals, DSIC seeks to recover $125/hour billed by "various paralegals" ("PL"). (Doc. 68-1 at 2 (Aff. Geller)). DSIC does not identify the "various paralegals" by name or years of experience. Generally, this Court has found **$75/hour** to be reasonable for paralegals. See, e.g., PNC Bank v. Classic Crab, Inc., 2016 WL 4257360, *5 (S.D. Ala. Aug. 11, 2016); Denny Mfg., 2011 WL 2180358, *5; Zuffa, LLC v. Al-Shaikh, 2011 WL 1539878, *9 (S.D. Ala. Apr. 21, 2011); Wells Fargo Bank, N.A. v. Williamson, 2011 WL 382799, *5 (S.D. Ala. Feb. 3, 2011). Upon consideration, the reasonable rate for the "various paralegals" with unknown experience, so long as the work performed is that traditionally done by an attorney (as noted *supra*), is **$75/hour.**

### 2. **Reasonable Hours**

The Etcheverry firm seeks **826.10 hours** and the Green firm seeks **98.50 hours**. (Doc. 68-1 at 1-156 (and Aff. Geller); Doc. 68-1 at 157-190 (and Aff. Green)). As noted *supra*, Defendants contend that some of the billed time is non-recoverable as "redundant representation as shown by communications between DSIC's counsel and RMC's counsel[.]" (Doc. 69 at 3).[8]

---

attorneys with more than 30 years of experience. Instead, the Court has simply awarded the requested rates.

[8] Referencing -- conclusorily -- "Doc. 68-1, p. 10-14, 19 - 21, 25, 35, 38, 41 - 43, 45, 50 - 54, 57, 61 - 62, 71, 74, 76, 83 - 84, 86 - 87, 89, 92, 94, 100 - 101, 104 - 105, 107, 109, 112 - 113, 116 - 118, 129 -
(Continued)

12

In determining whether the number of hours expended are reasonable, the Court should not include any hours which are "excessive, redundant, or otherwise unnecessary." Norman, 836 F.2d at 1301. When awarding a fee, the "[c]ourts are not authorized to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded." Barnes, 168 F.3d at 428. The Court will not permit a party to recover fees for hours "that would be unreasonable to bill to a client and therefore to one's adversary irrespective of the skill, reputation or experience of counsel." Norman, 836 F.2d at 1301 (emphasis omitted).

While there is no *per se* rule of proportionality, City of Riverside v. Rivera, 477 U.S. 561, 573-574 (1986), the U.S. Supreme Court has made clear that such could still be considered a factor in determining the reasonableness of a fee request. "The amount of damages a plaintiff recovers is certainly relevant to the amount of attorney's fees to be awarded .... It is, however, only one of many factors that a court should consider in calculating an award of attorney's fees." Id. at 573 See also Wolff, 2012 WL 5303665, *4-5. Moreover, when a request for attorney's fees is unreasonably high, the court may "conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut." Bivins v. Wrap it Up, Inc., 548 F.3d 1348, 1350 (11th Cir. 2008). See also e.g., Padurjan, 441 Fed. Appx. at 687 (district court did not err when it reduced the hours 50% across the board); Garrett, 956 F.Supp.2d at 1343-1344 (10% across the board cut for excessive fees); SE Property Holdings, LLC v. Green, 2013 WL 790902, *6 (S.D. Ala. Mar. 1, 2013) (15% across the board reduction for clerical tasks performed by attorneys or paralegals, excessive billing for intra-office conferences among timekeepers, premature preparation of litigation documents never filed, and billings for monthly status reports); Barnes, 168 F.3d at 428 ("If fee applicants do

---

131, 134 - 136, 138 - 140, 143 - 147, 151 - 152, & 179)."

not exercise billing judgment, courts are obligated to do it for them, to cut the amount of hours for which payment is sought, pruning out those that are excessive, redundant, or otherwise unnecessary[]"); Whitney Bank v. Davis-Jeffries-Hunold, Inc., 2012 WL 5470131, *7 (S.D. Ala. Nov. 9, 2012) (50% across the board cut); Alorica, 2012 WL 5452196, *7 (50% across the board cut); Western Sur. Co. v. Bradford Elec. Co., Inc., 483 F.Supp.2d 1114, 1121 (N.D. Ala. 2007) (hours spent on clerical work is not recoverable and time billed must not be excessive, redundant or otherwise unnecessary and allowing for reductions in time for various activities, including reductions of 1/3 of the time billed); United States v. Adkinson, 256 F.Supp.2d 1297, 1316 (S.D. Fla. 2003) (reducing hours by 20% due to their excessive nature).

Likewise, where the rates or hours claimed seem excessive or lack the appropriate documentation, a court may calculate the award based on its own experience, knowledge, and observations. Hensley, 461 U.S. at 433-434. See also e.g., Norman, 836 F.2d at 1299, 1303 ("[t]he court…is itself an expert on the question and may consider its own knowledge and experience concerning reasonableness and proper fees and may form an independent judgment[]") (citations omitted); Villano v. City of Boynton Beach, 254 F.3d 1302, 1311 (11th Cir. 2001) (25% across the board reduction). And as noted *supra*, "regardless of who performs them[,]" clerical or secretarial tasks (i.e., administrative) are not recoverable.

The Court has reviewed the time billed by each law firm. Defendants' object to almost the entirety of the time billed (by objecting to full pages of billing records including numerous entries versus specific or itemized tasks/entries), without showing the Court either *how,* or *which,* certain billed entries are redundant. And the Court does not -- on its own review -- discern the redundancies Defendants suggest. Moreover, communications between counsel at different law firms, working together on a case, is not *per se* redundant. Further, both law firms represent that

their fees (and corresponding hours) have already been reduced by DSIC. Thus, the Court finds that the hours billed (as reduced), when coupled with counsel's affidavits, appear reasonable.

### 3. The Lodestar

"For decades the law in this circuit has been that '[t]he court, either trial or appellate, is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value.'" Norman, 836 F.2d at 1303. Accordingly, "where the time or fees claimed seem expanded or there is a lack of documentation or testimonial support the [appellate] court may make the award on its own experience." Id. The lodestar figure established may be adjusted by consideration of various factors including the following:

> (1) the nature and value of the subject matter of the employment; (2) the learning, skill, and labor requisite to its proper discharge; (3) the time consumed; (4) the professional experience and reputation of the attorney; (5) the weight of his responsibilities; (6) the measure of success achieved; (7) the reasonable expenses incurred; (8) whether a fee is fixed or contingent; (9) the nature and length of a professional relationship; (10) the fee customarily charged in the locality for similar legal services; (11) the likelihood that a particular employment may preclude other employment; and (12) the time limitations imposed by the client or by the circumstances.

Van Schaack v. AmSouth Bank, N.A., 530 So.2d 740, 749 (Ala. 1988). After consideration of the foregoing factors, the Court finds no need to adjust the lodestar.

### 4. Costs

Rule 54(d)(1) provides that "costs—other than attorney's fees—should be allowed to the prevailing party." DSIC prevailed on its breach of contract claim. (Doc. 61 at 15). Additionally, the indemnity agreement (contract) provides for DSIC's recovery of costs. Upon consideration, the Court finds that the costs requested by DSIC are reasonable and recoverable.

## B. Consultant Fees

The indemnity agreement -- the contract -- unambiguously provides for the recovery of consultant fees. Specifically, the contract defines recoverable losses as including:

> ….expenses paid in connection with actual or potential claims, lawsuits…awards, judgments or appeals relating to a Bond, including, without limitation….***all fees and costs for consultant…. services related to the investigation or defense of actual or potential claims and losses***….

(Doc. 47-1 at 90 (emphasis added)). DSIC claims entitlement to **$124,976.15** for consultant fees/costs incurred in connection with investigation of the claims under the Bonds, based on the information contained in the Schildbach Affidavit. (Doc. 68 at 5-6). The consultant amounts are comprised of: $112,754.28 (Qualex Consulting Group); $10,013.55 (Rimkus Consulting Group); and $2,208.34 (Ciklin Lubitz & O'Connell (Bruce Alexander-Mediation)). (Doc. 68 at 6; Doc. 47-1 at 78-79 (Aff. Shildbach)).

In addition to the Schildbach Affidavit, the Court has reviewed the pleadings filed by DSIC which attest to the dollar figure incurred for consultants. DSIC has not submitted specifics (e.g. itemized bills) about what these consultants did to advance the defense. Nevertheless: 1) the indemnity agreement clearly provides for the recovery of consultant fees; and 2) though given the chance, the Defendants have not disputed either the recoverability of the consultant fees or the amount sought for same. Upon consideration, the Court is satisfied that the consultant fees are recoverable under the circumstances.

### III. Conclusion

Accordingly, it is **ORDERED** that DSIC's motion for clarification is **GRANTED** as detailed *supra*. Additionally, it is **ORDERED** that DSIC's request for indirect loss damages is **GRANTED** such that the Court awards **$329,714.96,** as follows:

   **-GRANTED** as to the Etcheverry law firm for attorneys' fees in the amount of **$178,416.17;** [9]

---

[9] The fees are **DENIED** as to the requested $125/hour "various paralegals" rate. (Doc. 68-1 at 3, 5-6, 11-12, 16, 18, 25, 27-31, 35-39, 43, 46, 134-138, 146, 148-149). The Court instead awards the rate of $75/hour for the 52.70 hours billed by "various paralegals" -- totaling $3,952.50 instead of $6,587.50 (a $2,635.00 difference) which changes the fees awarded ($181,051.17 fees sought minus $2,635.00 difference = $178,416.17 fees awarded).

-**GRANTED** as to the Etcheverry law firm for **$2,079.96** in costs;

-**GRANTED** as to the Wright Green law firm for **$23,389.50** in attorneys' fees and **$853.18** in costs; and

-**GRANTED** as to **$124,976.15** in consultant fees.

A Final Judgment consistent with the terms and rulings of this Order, Docs. 62 (as amended) and Doc. 66, shall be entered by separate document in accordance with Rule 58 of the Federal Rules of Civil Procedure.

**DONE** and **ORDERED** this the **26th day** of **November 2018.**

/s/ Kristi K. DuBose
**KRISTI K. DUBOSE
CHIEF UNITED STATES DISTRICT JUDGE**